# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JANICE M. CRAWFORD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-02245-SHL-atc |
| | ) | |
| MERRICK GARLAND, Attorney General, | ) | |
| United States Department of Justice, | ) | |
|     Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

Before the Court are Defendant's Motion to Reconsider Order Denying without Prejudice as Moot Defendant's Motion to Compel Video of Deposition under Federal Rule of Civil Procedure 30(f)(3) (ECF No. 31)[,] and Defendant's Supplemental Motion to Compel Video of Deposition under Federal Rule of Civil Procedure 30(f)(3) (ECF No. 37), (ECF No. 56), Plaintiff Janice Crawford's response (ECF No. 57), and Defendant's reply (ECF No. 62).

In short, too many resources have been expended in the Government's effort to obtain one video deposition for which it already possesses a written transcript. The case has been decided in the Government's favor via summary judgment, and the Government acknowledged that "[u]nder ordinary circumstances, a discovery-related motion to compel would be moot upon entry of an order resolving the case." (ECF No. 56 at PageID 1819.) These circumstances are ordinary, and thus the discovery-related motions to compel are moot. Furthermore, manifest injustice has not befallen any interested Party or deponent, and the Court has not committed an inadvertent mistake of fact or law that would warrant a reconsideration of the motions to compel. Therefore, the Government's motion to reconsider is **DENIED**.

**BACKGROUND**

Crawford's counsel filmed Letitia Grittman's deposition that was also being stenographically recorded by a court reporter on April 3, 2023. (Id. at PageID 1820; ECF No. 57 at PageID 1845–46.) The Government filed motions to compel the video deposition on April 7, 2023, (ECF No. 31), and May 31, 2023, (ECF No. 37). To date, Crawford's counsel has the only copy of this video deposition, (ECF No. 56 at PageID 1820), but all Parties and deponents have access to the full written transcript (ECF No. 62 at PageID 1871).

The case itself was resolved when the Court granted the Government's Motion for Summary Judgment on August 30, 2023. (ECF No. 52.) On that same day, the Magistrate Judge denied the Government's Motion to Compel Video of Deposition under Federal Rule of Civil Procedure 30(f)(3) (ECF No. 31), and the Government's Supplemental Motion to Compel Video of Deposition under Federal Rule of Civil Procedure 30(f)(3) (ECF No. 37), as moot in light of the summary judgment order. (ECF No. 54.) Twelve days later, the Government filed a motion to reconsider the order that denied the motions to compel as moot. (ECF No. 56.) In that motion, the Government argues that its motions to compel the video deposition are not moot either because a "manifest injustice" would befall the Government and Grittman without access to the video or because the Court made a mistake in mooting a motion that is still viable and ripe for resolution. (Id. at PageID 1822.)

**ANALYSIS**

It is worth emphasizing at the outset that "motions for reconsideration are disfavored," see Jefferson v. General Motors, LLC, No. 2:20-cv-02576, 2023 WL 5662596, at *2 (W.D. Tenn. Aug. 31, 2023) (citation omitted), namely because "they consume a court's scarce time for attention to a matter that has already been decided," see Blackenburg v. Miller, No. 1:16-cv-505,

2

Case 2:22-cv-02245-SHL-atc   Document 68   Filed 01/08/24   Page 3 of 8   PageID 1897

2017 WL 3730610, at *1 (S.D. Ohio Aug. 30, 2017).  While there is not a uniformly adopted standard for evaluating motions for reconsideration, the Government argues two avenues for reconsideration under the Federal Rules of Civil Procedure ("FRCP"): manifest injustice under FRCP 59(e) and a legal or factual mistake by the Court under FRCP 60(b)(1).  Each rule is addressed below.

I. FRCP 59(e): Preventing Manifest Injustice

FRCP 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Available bases under this rule include "a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).  Here, the Government relies on the "manifest injustice" prong.

Manifest injustice can befall a party when there is an error so "direct, obvious, and observable" that it is "apparent to the point of being indisputable."  See Bluewater Music Servs. Corp. v. Spotify USA Inc., No. 3:17-cv-01051, 2019 WL 6894518, at *3 (M.D. Tenn. March 25, 2019) (citations omitted).  Furthermore, this error "must be so patently unfair and tainted that the error is manifestly clear to all who view it."  Id.

As a threshold matter, this motion was timely filed within twenty-eight days of entry of judgment.  The Court issued judgment on August 30, 2023, (ECF No. 55), and the Government filed its motion to reconsider on September 11, 2023, (ECF No. 56).  However, denying the motions to compel as moot does not satisfy the high bar for invoking manifest injustice.  The Government's argument is bare bones, citing only one case in support.  (ECF No. 56 at PageID 1823.)  And that case, Delta Ltd. v. U.S. Customs & Border Prot. Bureau, is unpersuasive

3

because that court only "reluctantly" granted the motion to reconsider after new evidence was brought to light that showed a likelihood of substantial harm. 393 F. Supp. 2d 15, 16–18 (D.D.C. 2005).

Here, the Government argues that the video deposition would be useful in potential witness preparation, as a deposition example in training, in use for other ostensibly pending lawsuits Crawford initiated against the Government (ECF No. 56 at PageID 1826), and in a potential appeal of this case (id. at PageID 1827). However, these reasons are either moot, hypothetical, or not pressing needs that would rise to the level of manifest injustice. To begin, the appeal deadline that the Government quotes–October 29, 2023–has run, so that argument is now moot. (Id.) Furthermore, for training and preparation purposes, Grittman and the Government both have copies of the written transcript that was produced by the court reporter; Grittman received her copy on April 18, 2023. (ECF No. 56-1 at PageID 1830.)

Given that the appeal window has run, the written transcript is in hand, and that training and witness preparation can occur with the written transcript, none of the purported reasons for reconsideration of the order denying the motions to compel as moot rise to a level of manifest injustice. The Government's motion to reconsider fails the high bar of FRCP 59(e).

II.   FRCP 60(b)(1): Substantive Mistake of Law or Fact

The Government also argues for reconsideration based on FRCP 60(b)(1): "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has put a finer point on the rule by saying it applies either "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."

United States v. Reyes, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted).  Unlike the obviousness required with FRCP 59(e)'s high bar for manifest injustice, judicial mistakes need not be "obvious" and include judicial errors of law.  Kemp v. United States, 596 U.S. 528, 533–34 (2022).  The Government argues that the Court made a substantive mistake in denying the motions to compel as moot (ECF No. 54), after issuing the Order Granting Defendant's Motion for Summary Judgment (ECF No. 52).

One would need to grant the motion to reconsider in order to get to the merits of the original motions to compel.  However, peeking behind the curtain into the substance of the motions is necessary to determine if a mistake was made.  As a start, from a three-thousand-foot view, a substantive legal mistake was not made by this Court.  Judgment was rendered.  The controversy ended.  The case is complete.  Quibbling over a deposition video taken in the underlying dispute is futile from a legal perspective.

However, examining the question more deeply, does the Government and/or Grittman have a continuing right to obtain the video deposition even after the underlying controversy has come to a close?  According to both Parties, the potential mistake hinges on who is considered an officer of the Court and in which medium parties can obtain a copy of the deposition.  These questions stem from the need to interpret the applicable rule, FRCP 30(f)(3): "When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(f)(3).

The Government jumps to the rash and overly simplistic conclusion that Crawford's counsel "stepped into the role of an officer and videoed the deposition." (ECF No. 62 at PageID 1872.)  However, "officer" is defined as "a person appointed by the court under this rule or designated by the parties under Rule 29(a)." Fed. R. Civ. P. 28(a)(2).  Here, the officer was the

5

court reporter who stenographically took the deposition. (ECF No. 56-1 at PageID 1830; ECF No. 57 at PageID 1846.) Nothing was out of the ordinary in that regard because "[i]n practice, the officer is the court reporter, and use of any qualified court reporter in the locality will satisfy this requirement." See Theodore Grossman, Officer at Deposition, in Business & Commercial Litigation in Federal Courts § 31:12 (5th ed. 2022).

So, given that a court reporter serving as an officer of the Court was present and stenographically recording the deposition, how does one view the video deposition taken by Crawford's counsel? First, Crawford's counsel is not barred from operating his own video camera during a deposition. See e.g., Ott v. Stipe Law Firm, 169 F.R.D. 380, 381 (E.D. Okla. 1996); Rice's Toyota World, Inc. v. Se. Toyota Distribs., Inc., 114 F.R.D. 647, 651 (M.D.N.C. 1987). Second, notice was provided in advance that Grittman's deposition would be taken by "sound, video, and stenographic means." (ECF No. 29.) The lack of specification in the notice about Crawford's counsel's role is irrelevant because the rules do not "require the names of non-officers recording depositions to be listed in the notice." See Julian v. Lee, No. 18-10661, 2020 WL 8184920, at *2 (E.D. Mich. July 22, 2020) (order denying motion to strike video depositions). Importantly, no objections were made to Crawford's counsel's own recording of the deposition at the time. (ECF No. 31 at PageID 270.)

A magistrate judge's order in a sister Sixth Circuit district proves instructive on this point: "in the presence of a qualified officer who is stenographically recording a deponent's deposition testimony, a videographer who is also recording the deposition is not subject to the Federal Rules regarding officers." Julian, 2020 WL 8184920 at *4. In fact, an "[o]verwhelming majority of courts have reached this conclusion" that a videographer who is not the qualified officer before whom the deposition is being taken is not subject to FRCP requirements. Id. at *3.

Because Crawford's counsel is not an "officer" in this context, he has no obligation to provide his own video copy of the deposition under FRCP 30(f)(3).

The Government's reference to O'Boyle is not persuasive. O'Boyle v. Sweetapple, No. 14-cv-81250, 2016 WL 3647599, at *2 (S.D. Fla. June 30, 2016) (ECF No. 62 at PageID 1871–72.). There, the court "found no cases which address the precise issue raised" and it sided with the defendant who wanted copies of video depositions taken by the pro se plaintiff. Id. Importantly, that motion to compel was granted because multiple video depositions that were recorded by the plaintiff in a cost-saving measure were at stake, the pro se plaintiff's attempts to categorize the video depositions as work product were nonsensical, and an appeal of the underlying case was still pending. See id. Here, conversely, the controversy has ended, no appeal is pending, a party to the lawsuit did not film the deposition, and there is only one video deposition requested.

Lastly, the Government slyly offered to pay reasonable expenses for Crawford's counsel to prepare the deposition video (ECF No. 56 at PageID 1827), but then attempted to obtain reimbursement for the production of this video deposition in advance (ECF No. 67). The Clerk of Court astutely rebuffed that overture in its Order Taxing Costs because the "$100.00 for the anticipated cost of a video deposition does not meet the requirement that an expense be actually incurred." (Id. at PageID 1894.) Compelling a party to produce a moot deposition in a resolved case, and then charging that same party to produce that deposition, adds an extra layer of unnecessary complications and concerns to the Government's motion.

The Government could have prevented this predicament by 1) objecting to Crawford's counsel's use of the video camera; 2) agreeing in advance that the court reporter would operate a video camera; 3) agreeing in advance that Grittman and the Government could have access to the

7

video deposition filmed by Crawford's counsel; or 4) videotaping the deposition themselves. Unfortunately, none of those steps were taken, and the case will not be reopened to make sure one video deposition can be delivered for training or witness preparation in future hypothetical cases. Lastly, although motions to reconsider are generally disfavored, there is no compelling reason to sanction the Government for filing its motion to reconsider, as requested by Crawford.

## CONCLUSION

Because denying the motions to compel as moot did not constitute a manifest injustice, and because this Court did not commit a legal or factual mistake when it denied the motions to compel as moot, the Government's motion to reconsider is **DENIED**.

**IT IS SO ORDERED**, this 8th day of January, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE